# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ADA ALBORS GONZALEZ,**

    **Plaintiff,**

vs.                                                                    Case No. 4:21cv130-WS-MAF

**FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"),**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this action on March 12, 2021, by filing a complaint, ECF No. 1, and paying the filing fee. Four days later Plaintiff submitted an amended complaint. ECF No. 3. Plaintiff's amended complaint has been reviewed to determine whether this Court has jurisdiction over this action.

Plaintiff Ada Gonzalez has initiated numerous prior cases in this Court.[1] *See* 4:19cv128-MW-CAS; 4:19cv507-MW-CAS; 4:20cv286-MW-

---

[1] Due to variations in the spelling of Plaintiff's named and the use of "a.k.a.," it has not been a simple matter to determine how many prior cases Plaintiff has filed in this Court.

MJF; 4:20cv572-RH-MJF. Case number 4:19cv128 was dismissed on June 11, 2019, on the basis of the Rooker-Feldman doctrine and res judicata. ECF No. 10 of that case. The Report and Recommendation informed Plaintiff that "[a] federal district court does not have jurisdiction to consider a claim that is essentially an appeal of a state court order." ECF No. 8, of case # 4:19cv128. She was also advised that res judicata bars the re-litigation of claims previously raised, or claims that "could have been raised in a prior proceeding." *Id.* at 5. Case number 4:19cv507-MW-CAS was also dismissed pursuant to Rooker-Feldman on December 9, 2019. ECF Nos. 5-6.

The following year, Plaintiff initiated two more cases in this Court. Case 4:20cv286-MW-MJF is still pending. Although case 4:20cv572-RH-MJF is also still pending, a Report and Recommendation has recently been entered seeking dismissal because Plaintiff's in forma pauperis motion was denied and she was ordered to pay the filing fee but failed to do so by the deadline provided. ECF No. 6 of that case. Notably, that case is against the named Defendant in this case, Federal National Mortgage Association.

Essentially, Plaintiff's lengthy amended complaint[2] can be simplified to this: Plaintiff claims that the Defendant "received a final order for relief" when case number 4:17cv502-WS-MAF[3] was dismissed with prejudice. ECF No. 3 at 3.  She claims the Defendant committed fraud upon the Court, and claims that because of that, she "is entitled [to] relief and set aside and or vacate the order" so the case can "be determined on the merits."  *Id.* at 3-4.

First, a Rule 60 motion is to be filed in the case in which Plaintiff seeks relief.  This case cannot be used to provide Plaintiff relief in another case.

Second, judicial notice is taken that Plaintiff filed an appeal in case number 4:17cv502-WS-MAF.  Plaintiff's appeal is still pending before the Eleventh Circuit Court of Appeals.  *See* ECF No. 91 of that case.  Rule 60 provides that "after an appeal has been docketed in the appellate court and

---

[2] Plaintiff's original complaint was 38 pages in length; her amended complaint is 40 pages in length (not counting the attachments) and does not comply with either Federal Rule of Civil Procedure 8's requirement to submit a "short and plain statement," nor does it comply with Local Rule 5.7's  requirement that a complaint "not exceed 25 pages, unless the Court authorizes it."

[3] That case was not cited above when reviewing Plaintiff's litigation history.  For some reason, a query of Plaintiff's name did not result in locating case 4:17cv502 as having been filed by Plaintiff Ada Albors Gonzalez.

while it is pending, such a mistake may be corrected only with the appellate court's leave." Fed. R. Civ. P. 60(a). Plaintiff does not appear to have requested leave from the Eleventh Circuit. Under the circumstances, this Court cannot grant Plaintiff's request for relief, even if Plaintiff had filed a Rule 60 motion in the proper case.

Furthermore, Plaintiff is advised that "'[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal.'" United States v. Tovar–Rico, 61 F.3d 1529, 1532 (11th Cir. 1995) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, 103 S. Ct. 400, 402, 74 L. Ed. 2d 225 (1982)) (quoted in United States v. Diveroli, 729 F.3d 1339, 1341 (11th Cir. 2013)). Because Plaintiff filed an appeal which is still pending, "the district court is divested of jurisdiction to take any action with regard to the matter except in aid of the appeal." Shewchun v. United States, 797 F.2d 941, 942 (11th Cir. 1986) (quoted in Diveroli, 729 F.3d at 1341). For all these reasons, Rule 60 relief cannot be provided to Plaintiff based on the amended complaint she filed in this case.

Moreover, Plaintiff's amended complaint alleges that her prior case was improperly dismissed with prejudice on the basis of *Rooker-Feldman*. ECF No. 3 at 4-5.  She alleges that the Defendant filed an "unlawful complaint for foreclosure against the Plaintiff" in 2016.  *Id.* at 7.  Plaintiff then filed an action in state court in an effort to block the Defendant's foreclosure, and Defendant removed the case to this Court, "which became the case no.: 4:17cv502-WS/CAS."  *Id.* at 10.  A "final order" was entered in that case on June 5, 2018.  *Id.* at 11.[4]

Plaintiff has alleged that the property at issue was foreclosed (5325 Cypress Reserve Place, Winter Park, Florida 32792) and Plaintiff's appeal to the Florida District Court of Appeals was dismissed.  ECF No. 3 at 17. Plaintiff continues to assert that the Defendant "procured and continued a baseless civil proceeding against the Plaintiff without standing to foreclose on the Plaintiff's property . . . ."  *Id.* at 25.  As relief, Plaintiff seeks to "set aside" and "vacate the 'Order of Dismissal with Prejudice'" which was

---

[4] The Order Plaintiff cites to was the first Report and Recommendation, ECF No. 28, entered in case number 4:17cv502.  In actuality, that recommendation was adopted, *see* ECF No. 29, and the case was stayed pursuant to the Colorado River Abstention doctrine because the state foreclosure action was still pending.  Ultimately, after the state court foreclosure proceeding was complete, the case was then dismissed as barred by *Rooker-Feldman*.  ECF Nos. 65 and 72 of case # 4:17cv502.

entered in case 4:17cv502.  ECF No. 3 at 39.  She also demands judgment be entered in her favor and she be provided damages in the amount of $1,567,080.00."  *Id.*

Judicial notice is taken of the Third Report and Recommendation entered in case number 4:17cv502, ECF No. 65.  United States Magistrate Judge Charles A. Stampelos noted that the record in that case established "that on 'April 17, 2019, a final judgment of foreclosure was entered against [Plaintiff] in the State Court Foreclosure' action."  ECF No. 65 at 2 (citing to ECF No. 60 at 3).  On June 20, 2019, the property at issue in the underlying foreclosure "was sold to a third-party at auction."  *Id.*

As Plaintiff has previously been informed, the law is well established that a party may not seek to overturn a state court foreclosure order in federal court.  "When a home foreclosure order has been entered in state court, a party may appeal that order in the state courts of Florida."  ECF No. 65 of case 4:17cv502-WS-MAF.  Here, Plaintiff states that she attempted to appeal the decision in the Florida District Court of Appeals, but her appeal was not successful.  Having lost in state court, Plaintiff is barred from seeking appellate review in this Court of a final judgment entered in state court.

Plaintiff is well aware that the *Rooker-Feldman* doctrine bars federal district courts from reviewing final decisions of a state court.  <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).  The *Rooker-Feldman* doctrine is jurisdictional, precluding a loser in state court from challenging a judgement entered in state court, "based on the losing party's claim that the state judgment itself violates the loser's federal rights."  <u>Johnson v. De Grandy</u>, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 2654, 129 L.Ed.2d 775 (1994) (quoted in <u>Brown v. R.J. Reynolds Tobacco Co.</u>, 611 F.3d 1324, 1330 (11th Cir. 2010)).  Put simply: "[t]he doctrine eliminates federal subject matter jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"  <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22, 161 L. Ed. 2d 454 (2005) (quoted in <u>Mells v. Weizmann</u>, 828 F. App'x 701, 703 (11th Cir. 2020)).

The *Rooker-Feldman* bar is applicable in this case.  The state court proceeding concluded prior to Plaintiff's initiation of this case, and the

*Rooker-Feldman* doctrine bars this case. Because this Court lacks jurisdiction to consider Plaintiff's claims, this case should be dismissed. Mells, 828 F. App'x at 703 (affirming that district court lacked jurisdiction under the Rooker-Feldman doctrine because the plaintiff was "in effect" seeking to appeal "an unfavorable state-court decision").

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 3, be **DISMISSED** for lack of subject matter jurisdiction as Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

**IN CHAMBERS** at Tallahassee, Florida, on March 22, 2021.


　S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).** <u>**Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.**</u> **If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**